Filed 9/6/22  St. Myers v. Dignity Health CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| CARLA ST. MYERS, | C093097 |
| Plaintiff and Appellant, | (Super. Ct. No. 18CV43486) |
| v. | |
| DIGNITY HEALTH et al., | |
| Defendants and Respondents. | |

Carla St. Myers formerly worked as a nurse practitioner with Dignity Health. Following her resignation in 2014, she filed two lawsuits against Dignity Health and one of its contractors, Optum360 Services (collectively, Respondents).  In her first suit, filed in 2015, she alleged that Respondents unlawfully retaliated against her after she submitted various complaints about working conditions.  Among other allegations of retaliation, she asserted that Respondents falsely accused her in 2012 of having an inappropriate relationship with a co-worker, of using drugs, of inappropriately prescribing medication, and of working while impaired.  But the trial court rejected her claims on summary judgment, and we later affirmed on appeal.

1

Following the rejection of her first suit, St. Myers sued Respondents again in 2018, this time alleging they slandered her. St. Myers based her claim on the same types of accusations that she noted in her 2015 complaint, including that Respondents falsely accused her of having an inappropriate relationship with a co-worker, of using drugs, of inappropriately prescribing medication, and of working while impaired. But in this suit, rather than focus on the accusations made in 2012, she focused on accusations made in 2015. She also, mindful of the one-year statute of limitations for slander claims, asserted that she only learned of these later accusations in 2017, less than a year before she filed her suit, after she deposed one of Dignity Health's employees during discovery in the 2015 case. But once again, the trial court rejected her claim on summary judgment. Although the court offered several reasons for its decision, we focus on two in particular—in ruling on both Respondents' motions for summary judgment, the court found St. Myers filed her complaint too late; and in ruling on Dignity Health's motion, the court further found she had presented no evidence of damages.

On St. Myers's appeal, we affirm. Although St. Myers challenges the trial court's conclusion that she filed her complaint too late, she entirely ignores the trial court's separate ground for ruling in Dignity Health's favor based on the lack of damages. Because, under well-established principles of appellate review, we must presume the trial court's decision is correct absent an affirmative showing of error, we find St. Myers's failure to dispute the trial court's ruling on this issue provides reason enough to affirm the judgment in Dignity Health's favor. We also find her argument concerning the timeliness of her suit falls short. St. Myers contends her complaint should have been found timely because she only learned of the 2015 accusations in 2017. She bases her argument on the discovery rule, which postpones accrual of a cause of action until a plaintiff discovers, or at least has reason to discover, a factual basis for the cause of action. But as Optum360 argued at the trial level, and as it argues again on appeal, St. Myers failed to allege sufficient facts in her complaint to invoke the discovery rule. And absent the benefit of

2

the discovery rule, as even St. Myers acknowledges, her complaint is time-barred. For these reasons, we affirm.

## I. BACKGROUND

Between August 2011 and September 2014, St. Myers worked as a nurse practitioner at a Dignity Health facility known as the Mark Twain Medical Center (Mark Twain). "During the three years she worked there, she submitted over 50 complaints about working conditions." (*St. Myers v. Dignity Health* (2019) 44 Cal.App.5th 301, 305 (*St. Myers*).) She also was the subject of several anonymous complaints. According to one, she and a co-worker, Dr. Mills, engaged in inappropriate sexual conduct at Mark Twain. And according to another, she and Dr. Mills were drug addicts, engaged in prescription drug trafficking, and worked while impaired. Both complaints, which were made in 2012, were later found unsubstantiated. (*Id.* at p. 306.)

In part based on these complaints, St. Myers resigned from Dignity Health in 2014. A little over a year later, in late 2015, she sued Dignity Health and one of its contractors, Optum360, claiming they unlawfully retaliated against her following her complaints and constructively terminated her. (*St. Myers, supra*, 44 Cal.App.5th at p. 305.) In her complaint, St. Myers noted, among other things, the two anonymous complaints in 2012. She asserted that the first involved "alleged inappropriate sexual behavior between [her] and [Dr. Mills] in their office," and the second involved alleged "illicit drug addiction, narcotic drug addition, alcohol addiction, prescription drug trafficking, wrongly prescribing/overprescribing narcotics, working while impaired, theft of controlled substances, and previous convictions." She then asserted that all these allegations against her were false and "were perpetrated and/or ratified by a managing agent or officer of Defendant[s]."

In 2017, after Respondents moved for summary judgment, the trial court rejected St. Myers's claims and entered judgment in Respondents' favor. We later affirmed on appeal. "As to Optum360, we f[ou]nd St. Myers failed to establish a triable issue of

3

material fact that Optum360 was her employer, a prerequisite under the pleadings for all her claims." (*St. Myers, supra*, 44 Cal.App.5th at p. 305.) And, "[a]s to Dignity Health, we f[ou]nd St. Myers failed to raise a triable issue of fact as to any adverse employment action." (*Ibid.*)

On August 14, 2018, St. Myers again sued Dignity Health and Optum360, this time claiming they made defamatory statements about her "as recently as 2015." She alleged that these statements included accusations nearly identical to those in the 2012 complaints—namely, "accusations that [she] was not a good provider, had an inappropriate relationship with Dr. Mills, was difficult to manage, was inappropriately prescribing medications, was addicted to illicit drugs, and was working while impaired." She further alleged that she only learned of these statements against her on August 17, 2017. On that date, she deposed Dr. Allen, a physician who began working at Mark Twain several months after St. Myers's resignation. During the deposition, which St. Myers's counsel conducted during discovery in the 2015 case, Dr. Allen acknowledged that he heard St. Myers was "not a good provider, . . . had an inappropriate relationship with Dr. Mills, . . . was very difficult to manage," was "inappropriately prescribing medication," "was addicted to illicit drugs," and "work[ed] while . . . impaired." Dr. Allen could not recall who said which of these several comments, but he generally attributed the comments to six Dignity Health employees and two Optum360 employees. Dr. Allen added that he heard these comments "[i]n the beginning of [his] role at Mark Twain," where he began working in April 2015.

Both Dignity Health and Optum360 afterward moved for summary judgment. Dignity Health, which moved first, contended St. Myers's claim failed for four distinct reasons. It asserted she filed her complaint too late in light of the one-year statute of limitations for defamation claims. It argued her claim was barred by the common interest privilege described in Civil Code section 47, subdivision (c). It asserted her claim was based in part on non-actionable opinion, including, for example, that she "was not a good

4

provider." And it contended her claim failed because she could not establish damages. Optum360, in turn, contended St. Myers's claim failed for three reasons. It asserted, like Dignity Health, that St. Myers's claim was time-barred based on the one-year statute of limitations. It argued her claim was barred under the doctrine of res judicata. And, because Dr. Allen could not attribute any particular negative comment to any particular person at his deposition, it contended St. Myers's claim failed because she could not show that an Optum360 employee made any of the negative comments that Dr. Allen described.

Both Respondents, in arguing the suit was time-barred, anticipated that St. Myers would attempt to argue otherwise based on the discovery rule, "which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action, until, that is, [s]he at least suspects, or has reason to suspect, a factual basis for its elements." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 389 (*Norgart*).) But to the extent she sought to invoke the rule, Respondents argued her reliance on it would be misplaced for several reasons. First, they contended the rule is inapplicable in defamation cases involving slander—that is, defamation cases involving oral, as opposed to written, statements. (See Civ. Code, § 46 [defining slander].) Second, even if the rule applies in slander cases, they argued the rule would still not help her because she discovered, or at least should have discovered, a factual basis for her claim over a year before she filed her suit. And lastly, Optum360 asserted that St. Myers could not invoke the discovery rule because she failed to plead sufficient facts in her complaint to support it.

St. Myers, in opposition, attempted to counter most of Respondents' claims, though, for reasons that are unclear from the record, she offered no response to Dignity Health's argument that she could not establish damages. To support her claim that her suit was timely, St. Myers pointed to the discovery rule. She asserted, as she alleged in her complaint, that she only learned of the 2015 allegations against her on August 17,

5

2017—which occurred less than a year before she filed her suit.  She further—in her opposition to Optum360's motion, though not Dignity Health's motion—contended she had no reason to suspect these allegations at an earlier date.

The trial court granted both Respondents' motions.  Starting with Dignity Health's motion, the court found St. Myers's claim failed for three reasons.  It concluded her claim was time-barred, her claim attacked communications that were privileged under Civil Code section 47, subdivision (c), and she suffered no damages.  In terms of damages, the court noted that in response to Dignity Health's motion for summary judgment, "[St. Myers] d[id] not address the issue of damages."  The court then stated that, although St. Myers alleged she suffered economic and emotional distress damages in her complaint, "[t]here [wa]s no evidence presented that she suffered any economic damages as she obtained employment prior to leaving [Dignity Health's] place of business and[wa]s currently employed," nor was there evidence "that she sought treatment for any medical condition caused by this matter undercutting any claim of emotional distress damages."  Turning next to Optum360's motion, the court found St. Myers's claim failed for two reasons—her claim was time-barred, and she could not "establish that the person legally responsible for making the comments was one of defendant Optum360's employees."  The court afterward entered judgment in Respondents' favor.

St. Myers appealed.[1]

_____

[1] According to Dignity Health, St. Myers has only appealed the judgment in Optum360's favor.  That is so, it argues, because St. Myers "has failed to put before this Court the Order and Judgment entered in favor of Dignity Health" and because St. Myers's notice of appeal does not list the date of the judgment entered in Dignity Health's favor.  We reject the argument.  First, the judgment in Dignity Health's favor *is* part of the record.  And second, although St. Myers's notice of appeal refers to the judgments issued on September 15, 2020, and October 6, 2020, while the judgment entered in Dignity Health's favor was issued on September 25, 2020, we find the reference to September 15 rather than September 25 merely reflects a typographical error.  Because we find the notice of appeal sufficient for Dignity Health to identify the judgment appealed from, we

6

## II. DISCUSSION

On appeal, St. Myers challenges most, though not all, of the trial court's stated reasons for granting summary judgment. First, she contends the evidence shows that employees of both Respondents made defamatory statements about her. Second, she asserts her claim is not time-barred despite the one-year statute of limitations for slander claims. Third, she argues her claim is not barred under the common interest privilege described in Civil Code section 47, subdivision (c). And fourth, she contends her claim is not barred under the doctrine of res judicata.

### A. *Dignity Health*

Before turning to the issues St. Myers raises, we start with one issue she does not discuss in her briefing—the trial court's finding that St. Myers had presented no evidence of damages in its order granting Dignity Health's motion for summary judgment. The trial court, again, found the lack of damages to be one of three independent reasons that warranted granting summary judgment in Dignity Health's favor. But St. Myers never acknowledges this ground for the trial court's judgment in her briefing. Even after Dignity Health reminded her of this issue in its appellate briefing, and even after it specifically noted that St. Myers would forfeit her claim if she failed to address it, St. Myers still remained silent on this issue.

We find her failure to dispute this independent ground for the trial court's decision is fatal to her claim against Dignity Health. Our finding is premised on two principles. First, " '[a] judgment or order of the lower court is *presumed correct*' " and " 'error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) And second, "[t]hough summary judgment review is de novo, review is limited to issues adequately raised and supported in the appellant's brief." (*Christoff v. Union Pacific*

reject its argument that the mistake as to the date of the judgment invalidates the appeal. (*Verdier v. Verdier* (1953) 118 Cal.App.2d 279, 283.)

7

*Railroad Co.* (2005) 134 Cal.App.4th 118, 125 (*Christoff*); see *Vasquez v. Department of Pesticide Regulation* (2021) 68 Cal.App.5th 672, 685 ["Although we independently consider whether summary judgment was properly granted, ' "it is the appellant's responsibility to affirmatively demonstrate error," ' and 'review is limited to issues adequately raised and supported in the appellant's brief' "].)

Applying these principles here, we find St. Myers's challenge to the judgment in Dignity Health's favor falls short. Because she neglects to dispute one of the trial court's stated grounds for disposing of her claim against Dignity Health, and because we are not bound to develop her arguments for her, we find that reason enough to affirm the judgment for Dignity Health. (*Christoff, supra*, 134 Cal.App.4th at p. 125 [party forfeited his challenge to a dispositive issue on summary judgment when he "ma[de] no argument whatsoever on the issue" on appeal]; *City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1099 [courts " 'are not bound to develop appellants' arguments for them' "].)[2]

**B.      *Optum360***

Turning to St. Myers's contentions, we consider first her claim concerning the timeliness of her suit, which, at this point, is only relevant to her claim against Optum360. According to St. Myers, her suit was timely under the discovery rule—a rule that, again, "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action, until, that is, [s]he at least suspects, or has reason to suspect, a factual basis for its elements." (*Norgart, supra*, 21 Cal.4th at p. 389.) In St. Myers's telling, she only learned of the 2015 accusations against her at Dr. Allen's

---

[2] For the first time at oral argument, St. Myers's counsel asserted that the trial court wrongly found a lack of damages was fatal to her defamation claim. Because of the belated nature of the argument, however, we deem it forfeited. (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6 ["An appellate court is not required to consider any point made for the first time at oral argument, and it will be deemed waived"].)

deposition on August 17, 2017, less than a year before she filed suit, and she had no reason to suspect these accusations at an earlier date.

According to Optum360, on the other hand, St. Myers's reliance on the discovery rule is misplaced for three reasons—the same three it raised at the trial level. First, it contends St. Myers could not invoke the discovery rule because she failed to plead sufficient facts in her complaint to support it. Second, it argues the discovery rule is inapplicable in defamation cases involving slander. And third, even if the rule applies in slander cases, it asserts the rule would still not help St. Myers because she discovered, or at least should have discovered, a factual basis for her claim over a year before she filed her suit.

We find Optum360's first argument dispositive. In *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797 (*Fox*), our Supreme Court wrote: "In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that h[er] claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.] In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.' " (*Id.* at p. 808.) Absent the requisite allegations to invoke the discovery rule, the court explained, a plaintiff is charged "with presumptive knowledge of the wrongful cause of an injury." (*Ibid.*; see also *Grisham v. Philip Morris U.S.A., Inc.* (2007) 40 Cal.4th 623, 638 ["California law recognizes a general, rebuttable presumption, that plaintiffs have 'knowledge of the wrongful cause of an injury' "].)

In this case, St. Myers's complaint shows on its face that her claim would be barred without the benefit of the discovery rule. Claims for slander, as all parties acknowledge, must be brought within one year. (Code Civ. Proc., § 340, subd. (c).) And

9

here, St. Myers's complaint shows it is based on comments allegedly made no later than 2015—which was well over a year before St. Myers filed her complaint in 2018. St. Myers's complaint, then, shows on its face that her claim would be time-barred absent assistance from the discovery rule. But to invoke the rule, St. Myers only alleged the time that she discovered the accusations against her, stating in her complaint that she "learned of the defamatory statements" on or about August 17, 2017. She neither pled facts showing the manner of her discovery of these statements nor facts showing her inability to have made earlier discovery despite reasonable diligence. Under the rule described in *Fox*, we find this failure fatal to her challenge to the trial court's decision. After all, having failed to plead facts sufficient to invoke the discovery rule, she cannot now claim that the discovery rule requires reversal in this case. (See *NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222, 1232-1234 (*NBCUniversal Media*) [parties could not invoke the discovery rule in opposition to a motion for summary judgment when they failed to plead "facts showing an inability to have discovered their claims earlier despite reasonable diligence"].)

St. Myers, for her part, never disputes this issue in her briefing on appeal. And although she at least disputed the application of *Fox* at the trial level, we find her two arguments there unpersuasive. First, she asserted she "did plead sufficient facts." But tellingly, she declined to point to the facts she allegedly pled—facts we find do not exist. Second, she suggested Optum360 was wrong to rely on *Fox* because it involved a demurrer, not a summary judgment motion. Because of the different stage in litigation, she argues that we should consider only whether a triable issue of material fact exists, not whether the allegations in her complaint are sufficient. But we reject this argument too. As our Supreme Court has explained, " '[a] defendant's motion for summary judgment necessarily includes a test of the sufficiency of the complaint.' " (*American Airlines, Inc. v. County of San Mateo* (1996) 12 Cal.4th 1110, 1117.) For that reason, "a 'defendant moving for summary judgment need address only the issues raised by the complaint,' "

10

and, should a plaintiff seek to raise a theory not properly pleaded, she " 'should seek leave to amend the pleadings before the hearing on the summary judgment motion.' " (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1253.)  But in this case, St. Myers never sought leave to amend her complaint to plead additional facts supporting invocation of the discovery rule.  And considering her complaint as it stands, as noted already, we find her alleged facts were inadequate to invoke the rule.  (See *NBCUniversal Media, supra*, 225 Cal.App.4th at pp. 1232-1234 [applying *Fox* on summary judgment]; see also *American Airlines, supra*, at p. 1118 [when a motion for summary judgment is used to test the sufficiency of the complaint, " 'the court will apply the rule applicable to demurrers and accept the allegations of the complaint as true' "].)

Perhaps recognizing this shortcoming, St. Myers claims in her reply brief that "[e]ven without the benefit of the late discovery rule, Respondents are on the hook for Dr. Allen's republication of the defamatory statements [at his deposition] because it could have reasonably foreseen the republication of those statements by Dr. Allen."  St. Myers, in other words, suggests that even if the 2015 republication of the defamatory statements is time-barred absent the benefit of the discovery rule, Dr. Allen's 2017 republication of these statements at his deposition is not.  But we find this claim too falls short.  To start, she forfeited the claim by raising it for the first time in her reply brief without good cause.  (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)  Even setting that aside, her claim fails on the merits for two reasons.  First, she cannot claim that Dr. Allen slandered her simply because he truthfully answered her questions on whether he heard negative comments about her.  True statements, after all, are not slanderous.  (Civ. Code, § 46 [a statement must, among other things, be false to be considered a slander].)  Second, Dr. Allen's statements at his deposition were privileged and so cannot give rise to a slander claim in any event.  (Civ. Code, § 47, subd. (b); *Sipple v. Foundation For Nat. Progress* (1999) 71 Cal.App.4th 226, 243; see also Civ.

Code, § 46 [a statement must, among other things, be unprivileged to be considered a slander].)[3]

Because we affirm the trial court's judgment for the reasons stated, we need not address St. Myers's arguments concerning the trial court's alternative reasons for granting summary judgment. Nor must we address Respondents' remaining arguments for affirming. These arguments include two that both Respondents raise—namely, that the discovery rule is inapplicable in slander actions and that, even if it applies in these actions, St. Myers discovered, or at least should have discovered, a factual basis for her claim over a year before she filed her suit. They include one additional argument that Optum360 alone raises: St. Myers's claim is barred under the doctrine of res judicata. And they include two additional arguments that Dignity Health alone raises: St. Myers's claim is barred by the common interest privilege and also barred in part because it is partly based on non-actionable opinion.

---

[3] At oral argument, St. Myers's counsel conceded that Dr. Allen's statements are privileged and not themselves actionable.

## III. DISPOSITION

The judgment is affirmed. Respondents are entitled to recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

KRAUSE, J.